UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXIS MARQUEZ, on behalf
of himself and on behalf
of all others similarly situated,**

    Plaintiff,

v.                                                                    CASE NO.:

**EMBANET-COMPASS
KNOWLEDGE GROUP INC.
d/b/a BOUNDLESS LEARNING,**

    Defendant.
_____/

**CLASS ACTION COMPLAINT
(JURY TRIAL DEMANDED)**

Named Plaintiff, Alexis Marquez ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated (collectively "Plaintiffs"), files this Class Action Complaint against Defendant, Embanet-Compass Knowledge Group Inc. d/b/a Boundless Learning ("Defendant") for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). In further support thereof, the Named Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1.  This is a class action for the recovery by the Named Plaintiff, on his own behalf and on behalf of approximately 200 other similarly situated former employees, seeking to recover damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights

under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2. The Named Plaintiff and the Putative Class Members ("Plaintiffs") were employees of Defendant who were terminated without cause on their part on or about August 16, 2023, or within thirty (30) days thereof, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to provide Plaintiffs with the sixty (60) days advance written notice that is required by the WARN Act. In fact, Defendant provided Plaintiff with twelve (12) days advance notice.

4. In many instances, Defendant provided Putative Class Members with <u>no</u> advance notice of the termination, sending termination notices to many Class Members on August 2, 2023, the same day as their effective termination date.

5. Defendant's mass layoffs deprived Plaintiffs "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

5. Plaintiffs are entitled under the WARN Act to recover from the Defendant their wages and benefits for 60 days.

6. Defendant will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act, and possibly cite to inflation, or financial issues.

7. Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

8. However, Defendant was still mandated by the WARN Act to give Plaintiffs "as much notice as is practicable." Defendant failed to do so here, instead giving Plaintiffs as little as no days of advance notice.

9. According to KRON4.com, "Boundless Learning was launched July 1 [2023] as an independent company, when Athena Education International, as part of a Los-Angeles-based investment firm, acquired Pearson Online Learning Services, from Pearson (PSO)."

10. Previously, in 2022, Pearson lost a contract with Arizona State University, which is said to have accounted for "almost 40% of Pearson's revenue," per the London Times and OnEdTech.PhilHillAA.com.

11. Additionally, in December 2022, Ohio University—one of Defendant's largest Online Program Management clients—also ended its contract with Defendant, per OnEdTech.PhilAA.com.

12. Accordingly, as of 2022, Defendant (f/k/a Pearson Online Learning Services) was aware that it was facing financial difficulties.

13. More recently, in June 2023, (a little over sixty days before Defendant terminated 200 employees), Defendant stopped matching employees' 401k contributions and ended its policy of severance for layoffs, per OnEdTech.PhilAA.com—further evidence that Defendant was well-aware that they were not financially flourishing well in advance of terminating Plaintiff and other class members in or around August 2023,

14. Defendant's failure to provide employees with the legally required advance written notice, mandated by the WARN Act is a particularly egregious violation because Defendant's need for layoffs was reasonably foreseeable well in advance of sixty (60) days before it decided to terminate Plaintiffs.

15. A similarly situated employer exercising reasonable judgment—upon witnessing the acquisition; loss of business, due to multiple contract terminations from large Clients; and policy changes, as mentioned above—could have foreseen Defendant's financial circumstances that may have led to Defendant's layoffs well in advance of sixty (60) days before Defendant's termination of Plaintiffs.

16. In fact, Defendant's actions in June 2023, which required some planning and information prior to making the decisions to end 401k contributions and severance policies demonstrate Defendant had foreseen its business situation.

## **JURISDICTION**

17. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

18. The violation of the WARN Act alleged herein occurred in this District.

19. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

20. Defendant is a Florida corporation.

21. According to its website, Defendant designs "workforce-aligned experiences" for "organizations and corporations around the world" and has launched "more than 450 online programs with Pearson Online Learning Services . . . ."

22. Named Plaintiff, Alexis Marquez, reported to Defendant's Orlando, Florida, facility.

23. Prior to his termination, the Named Plaintiff was an employee of Defendant.

24. On August 16, 2023, the Named Plaintiff was notified that he was being terminated from his employment, without cause on his part, by the Defendant, effective August 28, 2023.

25. On August 16, 2023, or within thirty (30) days thereof, and thereafter, the Named Plaintiff and approximately 200 other employees of the Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations that occurred on or about August 16, 2023 or within thirty (30) days thereof.

26. The Named Plaintiff brings this action on his own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the Putative Class Members.

## **THE MASS LAYOFF / PLANT CLOSURE**

27. On August 16, 2023, or within thirty (30) days thereof, the Named Plaintiff—who worked for Defendant remotely, but reported to Defendant's Orlando, Florida facility—and the Putative Class Members learned for the first time that Defendant was terminating them, either, effective immediately, or with less than two (2) weeks of advance notice.

28. Defendant has no excuses for failing to comply with the WARN Act's 60-day notice requirement as to the Named Plaintiff and the Putative Class Members.

29. In fact, the only written notice received by the Plaintiffs from Defendant came in the form of a letter on, either, the same day that Plaintiffs were terminated, or less than two (2) weeks prior to the termination (with no offer of a severance package), which failed to comply with the WARN Act's notice requirements.

30. At a minimum, WARN Act notices must contain: (i) the name and address of the employment site where the plant closing or mass layoff will occur, and the name and telephone number of a company official to contact for further information; (ii) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (iii) the expected date of the first separation and the anticipated schedule for making separations; and (iv) the job titles of positions to be affected and the names of the workers currently holding affected jobs.

31. The notice that the Plaintiffs received from Defendant as to their termination contained none of the above. Thus, to date, Plaintiffs have never received a compliant WARN Act notice.

## THE CLAIM FOR RELIEF

32. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

33. The terminations on or about August 16, 2023, or within thirty (30) days thereof, of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for approximately 200 employees excluding Part-Time Employees.

34. The terminations on or about August 16, 2023, or within thirty (30) days thereof, of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

35. The Named Plaintiff and the Putative Class Members were discharged without cause on their part on or about August 16, 2023, or within thirty (30) days

thereof, or thereafter as the reasonably expected consequence of the terminations that occurred on or about August 16, 2023 or within thirty (30) days thereof.

37. The Named Plaintiff and each of the other Putative Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred on or about August 16, 2023, or within thirty (30) days thereof.

## CLASS ACTION ALLEGATIONS

37. The Plaintiff and the Putative Class Members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

38. Specifically, the Named Plaintiff seeks to certify the following class:

**Boundless Learning WARN Act Class Action:**
All former employees of Defendant throughout the United States not given a minimum of 60 days' written notice of termination, and whose employment was terminated on or about August 16, 2023, or within thirty (30) days thereof, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

39. Each of the Putative Class Members is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act.

40. Common questions of law and fact are applicable to all members of the Class.

41. The common questions of law and fact arise from and concern the following facts, among others: that all Putative Class Members enjoyed the protection of the WARN Act; that all Putative Class Members were employees of the Defendant who worked at or reported to the Facility; that the Defendant

terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of Putative Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Putative Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

42. The Named Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiff and the other Putative Class Members is an injured party with respect to his/her rights under the WARN Act.

43. The Named Plaintiff will fairly and adequately protect and represent the interests of the Class.

44. The Named Plaintiff has the time and resources to prosecute this action.

45. The Named Plaintiff has retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims, and other claims in Federal court.

46. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 200 members of the Class.

47. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. No Putative Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

50. No litigation concerning the WARN Act rights of any Class member has been commenced.

51. Concentrating all the potential litigation concerning the WARN Act rights of the Putative Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Putative Class Members.

52. On information and belief, the names of all the Putative Class Members are contained in Defendant's books and records.

53. On information and belief, a recent residence address of each of the Putative Class Members is contained in Defendant's books and records.

54. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

55. As a result of Defendant's violation of the WARN Act, each Putative Class Members is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective

terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

56. Defendant failed to pay the Plaintiff and the other Putative Class Members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

57. The Named Plaintiff hereby demands a jury trial of all issues that may be so tried.

**WHEREFORE**, the Named Plaintiff demands judgment as follows:

A. In favor of the Named Plaintiff and each Putative Class Members against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following

their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

    B.    Appointment of the Named Plaintiff as Class Representative;

    C.    Appointment of the undersigned as Class Counsel;

    D.    In favor of the Named Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

    E.    Interest allowed by law;

    F.    Such other and further relief as this Court deems just and proper.

Dated this 22nd day of December, 2023.

                              Respectfully submitted,

                              */s/Brandon J. Hill*
                              **BRANDON J. HILL**
                              Florida Bar Number: 0037061
                              **LUIS A. CABASSA**
                              Florida Bar Number: 0053643
                              **AMANDA E. HEYSTEK**
                              Florida Bar Number: 0285020
                              **WENZEL FENTON CABASSA, P.A.**
                              1110 North Florida Avenue, Suite 300
                              Tampa, FL 33602
                              Main No.: 813-224-0431
                              Direct No.: 813-379-2565
                              Facsimile: 813-229-8712
                              Email: bhill@wfclaw.com
                              Email: lcabassa@wfclaw.com
                              Email: aheystek@wfclaw.com
                              ***Attorneys for Named Plaintiff***